Next case is Ortiz v. NJ State Police, No. 17-3095. Take your time. Good afternoon, Your Honors. Good afternoon. My name is Lisa Rodriguez, and I represent the appellant, Ashley Ortiz. I'd like to reserve three minutes for rebuttal. That would be great. Your Honors, the decision of the District Court should be reversed, and this case should be remanded. Heffney-Humphrey does not serve as a bar to Ms. Ortiz's 1983 claims. Her 1983 claims do not necessarily imply the invalidity of the underlying conviction. To hold otherwise would be to insulate the State from the acknowledged fraudulent certification of the ALCO test by State Police Sgt. Mark Dennis. Well now, I'm sorry, how much time did you reserve? Three minutes. Okay, is the time right here? It shouldn't be. I don't think you have six minutes left. I don't think my introduction was four minutes. Okay. There you go. Okay, that's better. Here we go. You've got much more time now. Well, I love a lot of what you're just saying. I mean, the case was, we've got to also worry about our proper place, or maybe even decide this thing before we really need to. It was dismissed without prejudice. And doesn't that give you a chance to, if things work out the way you think they may work out, to come back and make all those arguments? Or maybe it'll all be moot, and the State will move to vacate in State Court. Well, Your Honors, I think that it's not premature, and this is why. If the District Court said we should go pursue post-conviction relief, at this point, and this was subsequent to the briefing, everything has been stayed in the State Court. But Ms. Ortiz pled guilty in 2015. If the Supreme Court decides under the direct certification that, in fact, the State was right, because now, keep in mind, the State has three admissions that I think are applicable here. The first is that, in fact, there was falsified evidence. We know that. That's not at issue. The second, as they represented to the Supreme Court, was that the falsification of those records should not impact the underlying convictions. And the third was that, when they finally let the defendants know, was that these proceedings before the Supreme Court may have an impact. So, if they're right, and there was no, notwithstanding the requirements of Chung that this was a pivotal document to be produced in order to ascertain the accuracy of the ALCO test, if they were correct, and it's kind of a no-harm, no-foul situation, then the State has necessarily implied that success does not necessarily imply the invalidity of the conviction. And the statute might run. Ms. Ortiz found out about this in 2016. If heck doesn't apply, then the statute runs in 2018. If they're wrong, and in fact, the State says, okay, you're right, you're wrong, State of New Jersey. This was, that was falsified evidence that goes to the core of the judicial process. Everybody's entitled to post-conviction relief. Then you're faced with a situation that Justice Souter recognized in the concurrence in heck. And that's a situation where somebody is not incarcerated. Ms. Ortiz has already pled guilty. She had her license suspended for three months. She paid fines. She paid insurance surcharges. She's going along with her life. So, if the State now comes forward and says, all right, you're entitled to post-conviction relief, she's got to pay for a lawyer, and what's the relief? Does she get to retry her case? Because when she pled guilty, based on the assumption that the ALCA test was, in fact, fairly calibrated, Trump said, you follow these requirements, and this is almost uncontestable. So she surrendered defenses she may have had if she knew that it wasn't properly calibrated. So now she gets back, and maybe she gets the readings thrown out, or maybe she doesn't, but she's already served her sentence. So this is exactly what Justice Souter was concerned about when he said, I understand heck in the context of the intersection between habeas and 1983, but what about this section? Mr. Rodriguez, you have me a bit confused, though, about where you're going with this argument. Because you're making an argument of sorts that seems to say, well, this calibration error really doesn't make any difference to my client's conviction. But if it doesn't make any difference to the client's conviction, you sort of fall within footnote seven of Heck v. Humphrey. You can't show that the error caused the conviction, therefore you can't recover under 1983. I think what you look at, Your Honor, is that string of cases of this court in Housley v. Pfeiffer and Black v. Montgomery County that say, when you're dealing with falsified evidence, you only have to show that there may have been a different result. And I think that's what we have here. The state, when they found out that, in fact, Officer Dennis had falsified the records, did not address any due process implications for those defendants whose convictions were obtained. Rather, they sought extraordinary relief. They went to the New Jersey Supreme Court and they said, this happened, but no harm no foul. In other words, they said, Officer Dennis' falsifying of the records does not necessarily imply the invalidity of the conviction, but certainly it had an impact on Ms. Ortiz's due process rights when she was charged, when she made the decision to plead guilty, when she waived defenses that she could have had if she knew she could have challenged the accuracy of her blood test results. Get the readings thrown out and that she was stopped, not because of any, just stopped because a light was out on her license tag. Can I ask you a question, Counsel? We have cases such as our Long case, which I know you've read. There was allegedly pre-conviction falsification of evidence just like here, and yet we said, heck, dared it, barred it. How do you distinguish a case like Long? Well, Your Honor, I believe Long was not on a motion to dismiss. It was not, and the review of the court was not plenary. I think they made clear, though, that it didn't matter, right? Well, they were restricted to that effect. There were a lot of general allegations, and the court wasn't faced with an acknowledgement that there were allegations that there was falsified evidence. Here, we have actual proof. We know that Officer Dennis, first of all, didn't do the calibrations that he was supposed to do, and then he lied about it. He falsified the documents. Chung provides their 12 core documents that must be submitted in order to determine that an alpha test is accurate. Once that's determined, you can't challenge it, and that was provided for. The court in Housley and in Black said that there's no concept of ordered liberty consistent with law enforcement cooking up its own evidence. But in Housley, there was an exoneration of the plaintiff. In Housley, there was an exoneration of the plaintiff, but at no point did the court make that a basis. At no point did that factor into the court's opinion. As a matter of fact, when Judge Greenberg issued his opinion in Housley, he said, every court of appeals that has considered whether a state actor has violated the defendant's rights to due process by fabricating evidence to charge or convict the defendant has answered the question in the affirmative. There was no reason, and he, in making that determination... This isn't a question of whether or not there's been a violation of the constitutional right. It's a question of whether it's proper to be in federal court on a Section 1983 claim. Well, the defendants have argued that we shouldn't be here because the conviction, because success would necessarily undermine the underlying conviction. But this isn't a collateral attack on the conviction. This is an attack on the process, and I think that you need to look at the state's own admissions. They admitted that they falsified the evidence. They admitted that they're seeking a finding from the court, from the New Jersey Supreme Court, that even though they admit falsification of that evidence, that evidence is going to have no impact on the 20,000 DUI arrest because it really doesn't impact the accuracy of the ALCA test. So that's the situation that we're given, and I think the state has all the cards, and they're saying, okay, we're trying to get our arms around what happened so that we can hold on to all these convictions in the first instance. And then, you know, they waited until 2017, November of 2017, was the first time that these 20,000 people got any real notice. There were newspaper articles about it, but only once a special master was appointed did they send letters out and say, oh, maybe, maybe your rights are affected. But that's a little too little too late. You've got, if they're right, if they're right that there was no harm, then the statute's going to run under 1983 claim. If they're wrong, you're still faced with, not that she hasn't been damaged, but it's a little bit too little too late to go back and let her get her post-conviction relief. She's satisfied the requirements of 1983. She has a constitutional violation. She was denied due process, and as a result, she's... But you have that, I guess I get back to heck, you have that situation. In any heck barred claim, you assume there's a constitutional violation. It cannot be presented that way. But this does not necessarily imply the invalidity of her conviction. And I think it's equivalent to the evidence in Greer v. Klein where, granted that was after the fact that it was DNA evidence, but the court said just because you hope that there is a different result once you get the evidence does not mean that it necessarily implies the invalidity of the conviction. And I think that's what we have here. We know that she did not... She was represented. Her advice from her attorney was you've got a reading. It's hard to get a... We can't challenge the reading. Would a holding in your favor here suggest that any time a convicted person claims that falsified evidence was presented, no matter how extensive the evidence was against the person, suggest that they have a freestanding claim to pursue because the prosecution presented falsified evidence? Well, I don't know if I could go that far on it, but I think you've got to look at the fact... And as this court has recognized, any heck analysis is a case-by-case analysis. And here we do know. We do know that the state acknowledged that the documents were falsified, and we do know that the state has told us that it's not necessarily going to imply the invalidity of the underlying conviction. Should we... If you're concerned about being barred by a statute of limitations, should we just stay this thing and let it run its course in state court? Well, I don't necessarily... I don't believe so, Your Honor, because I think, first of all, the plaintiff isn't represented in state court. So what's proceeding in state court right now is an acknowledgment that the state doesn't have to comply with the 10-year-old requirements of CHUM as to what you need to do in a DUI case. And, by the way, the Supreme Court has stayed any... Post-conviction relief? Post-conviction relief. And it's also a concern because it has a further ramification. If somebody is facing a second or third or subsequent DUI, and their first one was based on a certification document, then it can't be used for enhancement purposes. So have they specifically stayed your client's case? They might. My client's case has not been stayed. I never, except for communications with the state that I've had in the context of this case, I have not heard from the state at all. So you could file a petition for post-conviction relief? Oh, no. No, I can't file a petition. Why not, if you haven't been stayed? They've stayed all the cases. So, no, they haven't reached out to me and said, your case is stayed or your case in federal court should be stayed because of this. But, yes, my particular... My specific case has not been stayed, but there is a stay order. Stay all post-conviction relief cases. Entered by the Supreme Court or a letter filed by the Attorney General? It was entered by the Supreme Court, Your Honor, on November 28th. Okay. And I can supplement that came in after the briefing. Okay, thank you. Thank you, counsel. Thank you. Thank you. Good afternoon, Your Honors, and may it please the Court. Christopher Riggs on behalf of the State Defendant Appellees, the New Jersey State Police, Colonel Joseph Fuentes, Attorney General Christopher Perrino, and the Director of Criminal Justice Ellie Honig. This Court should affirm the dismissal of the complaint because the favorable termination when announced in Heck v. Humphrey clearly applies to the facts of this case. Heck prohibits a federal court from... Before you get there, is there just... Maybe we don't have the most updated background. What's going on with this in the state system? Your Honor, counsel represented that all matters have been stayed, and that is the extent of the information that I have in the criminal justice matter. Judge Joseph Lee has had hearings on the question that was certified to the Supreme Court, and he was appointed as a special master, and those proceedings are ongoing. But in this case, Heck prohibits a federal court from entertaining a Section 1983 claim if there's an outstanding conviction, or if the Section 1983 action would necessarily imply the invalidity of the conviction. Here, it's undisputed, and Ms. Ortiz has alleged the same. She pled guilty to DWI, and this conviction remains valid. Now, this Heck favorable termination rule extends naturally to fabrication of evidence claims. This is so because the standard on a fabrication of evidence claim is that the plaintiff must demonstrate a reasonable likelihood that, absent the fabricated evidence, they would not have been charged or convicted. That comes from Black. First from Halsey, and then it comes from Black. Halsey basically just removed the conviction requirement. Can't that be satisfied in this case, that reasonable likelihood that they would not have been convicted? Because the plaintiff in this case would say she would not have pled guilty. That's the basis for the conviction. She still has to remove the conviction under Heck. The Heck bar would still apply. She could satisfy the standard after she removes the conviction, but you don't have an action under a fabrication of evidence claim unless you can vacate or modify your conviction, because the standard says you wouldn't have been charged or convicted. So she needs to show in the criminal justice process, throughout the criminal justice matter, that she wouldn't have been charged or convicted, and she simply hasn't done that. The alleged fabricated evidence in a fabrication claim must play a significant role and affect the outcome of the criminal case. So you can't have it both ways. This DWI outcome test result must have affected the criminal matter. So she needs to prove that she wouldn't have been charged with DWI and pled guilty to DWI in order to move forward with the fabrication of evidence claim. The fact remains that she still has an outstanding DWI conviction, and success on any claim that she has brought under Section 1983 would necessarily imply the invalidity or call into question her DWI conviction. Counsel, your officer pointed out several communications made to her client. She categorized them as admissions. Do you agree? I don't agree. The communications that were sent to her client, and I believe Counsel is relying on the letter that Director of Criminal Justice Elie Honig wrote to the Supreme Court in asking for direct certification in the Supreme Court of New Jersey, were in the matter of State v. Cassidy. And in the letter, the letter makes clear that Sergeant Dennis falsely certified on two separate outcome test machines in two separate criminal matters, not Ms. Ortiz's case. So there is no admission that there is any fabricated evidence in Ms. Ortiz's case. And that's why we're going forward in the criminal justice process and the State court proceedings to determine whether or not this had any effect on Ms. Ortiz's matter. So your position is that, I guess with respect to the outcome test, that no matter what happens, at least two of these samples are still good? Is that what you're saying? I'm saying that I don't know what the results came about in Ms. Ortiz's underlying criminal matter. What I do know is that she has a valid DWI guilty plea and a criminal conviction that remains on her record. And the heck bar clearly applies. And we can go and look right to the request for relief that Ms. Ortiz asked for in her Section 1983 action to determine that the heck bar applies. No, it's true. She asked for some pretty broad relief, including expungement of the conviction. But there are other things there, too. I mean, remedy for due process violation that would be in any case. It was also included, I think, the damages and the like. I understand. And I think that in order for her to go forward on her 14th Amendment due process violation for fabricated evidence, she needs to prove a favorable outcome. You need to have cause and fact and approximate causation. It's a constitutional tort. It's no different than any other Section 1983 claim. And without invalidating her outstanding conviction, she can't move forward in a Section 1983 civil matter. Because if you allow that to happen, you're going to have conflicting results in state criminal court and in federal district court in a civil matter. And that just can't be so. And that's what heck stands for. Why shouldn't we stay this matter, pending the Supreme Court's decision on the certified question? I think that the district court got it right and that the matter doesn't need to be stayed because the dismissal was without prejudice. That's what heck stands for is a dismissal without prejudice. Ms. Ortiz, in the future, may have an opportunity to come back to federal court. Yes, but she cites the statute of limitations problem as one reason. And when you read heck and you step back, heck says the claim simply isn't actionable yet. So you don't have a statute of limitations problem until your conviction is invalidated, vacated, or modified. Technically, her statute hasn't begun to run. And technically, the statute hasn't begun to run on any matter that could be asserted in a similar context to Ms. Ortiz's claim. Now, is there ever a situation where we could bring in 1983 falsification action that would be permitted under heck if there's still a valid state conviction? I've contemplated that question and I can't seem to find the answer. I just know in these circumstances under the facts alleged by Ms. Ortiz, you need to allege that you have a favorable result. And my reading of the 14th Amendment fabrication claims that originated in this circuit in Halsey and then was further expanded in Black is that you have to show a reasonable likelihood that absent the evidence, you would not be charged or convicted. Would not be charged or convicted, I think, is similar to saying the same thing that heck is saying, overturn your criminal conviction before you come to federal court. Unless your honors have any further questions, we would ask for your final decision. Thank you, counsel. We'll hear rebuttal. Just a couple of things. I'd just like to put in the record what the letter to Ms. Ortiz said that came from the assistant prosecutor of Monmouth County on October 23, 2017. And it says the New Jersey... But that's not part of the record. It was part of the appendix, but it was not part of the... It was included in the appendix because it came in before the brief. It's the appendix at page A48. Okay. And it says... A48? Appendix 48, yes. A48, okay. The Supreme Court has assigned Joseph Lisa to preside over a hearing to determine whether Sergeant Dennis's failure to perform a specific step in establishing an established protocol adversely affected the scientific reliability of any evidential breath tests conducted on the ALCA tests he calibrated. The outcome of these legal proceedings, which are currently underway, will determine whether you are entitled to future relief. So certainly her conviction has been put... The issue of her conviction has been put into question by the state. I also would just cite the courts of Vickers v. Childs, and that's a case... It's a federal appendix case, but... So, okay. Let's suppose that the further relief that your client is given is once the master completes the work, you get a notice, your client gets a notice from the state to say, we have vacated your conviction. And any further ramifications coming from that conviction will be expunged from the record. Suppose your client gets that kind of letter. Where do you stand? Well, she still has... She's also already served a three-month loss of license revocation. She can't get that back. She's paid fines and penalties. She's paid insurance surcharges. So she's been damaged, and that's... Regardless of what the Supreme Court says. So even if they were to say, okay, you win, she hasn't won because she's served her time. And as I said, that's what Justice Souter was concerned about. When you extend, heck, to beyond those instances... Why would you have the cause of action you're trying to pursue now? Because if... Well, if they say you win, then a 1983 claim would not necessarily imply... It would be another question, but... And that's why I cited the Vickers case. Because if you file a 1983 action, and heck, it's not a bar, not because... If you look at it as, heck, it was a bar until the Supreme Court... And now you've been able to overturn your conviction. You could bring it at that time. If, heck, if the court looks at it and says, you know what? It never was... It never was necessarily going to imply the invalidity of your conviction because the state acknowledged it from the beginning that there is an instance where the two-year statute of limitations could have run. And I just think that it's important to go back and look at Housley and look at the language of that court where the court... And interestingly in Housley, the court... The defendants tried to tie it with a malicious prosecution claim. And in saying, no, it's a standalone cause. It shouldn't be tied with a malicious prosecution claim. And Judge Greenberg said, the court... He recognized that a different standard would mean that there would not be a redressable constitutional violation when a state actor used fabricated evidence in a criminal proceeding if the plaintiff suing the actor could not prove the elements of a malicious prosecution. Here, the conviction was overturned. The language could not be clearer. Requiring that a plaintiff join a fabrication claim with a malicious prosecution claim would come close to making a mockery of the notion that Americans enjoy the protection of due process of law and fundamental justice. I urge this court to reverse the district court and remand. Thank you. Thank you, counsel. We'll take the case under advisement.